**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Didyoung and Donna Didyoung, husband and wife,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Allstate Insurance Company, a stock company and a foreign corporation and subsidiary of Allstate Property and Casualty Insurance Company; Frontier Adjusters of Show Low, an Arizona corporation,<br><br>　　　　　　　　Defendants. | No. CV-12-348-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiffs' Motion to Remand for Lack of Complete Diversity and an accompanying Motion for Costs and Fees. (Doc. 7.) For the reasons discussed below, both of Plaintiffs' motions are denied.

## BACKGROUND

Plaintiffs are husband and wife, who jointly owned and resided in property located in Show Low, Arizona. On or about January 22, 2010, Plaintiffs' property was destroyed by record snowfall, which caused the collapse of the roof of the property. (Doc. 1-1, ¶6.)

At the time of the collapse, the property was insured by Defendant, Allstate

Property and Casualty Insurance Company. (Doc. 1-1, ¶5.) Allstate Property and Casualty Insurance Company, an Illinois insurance company, is wholly owned by Defendant Allstate Insurance Company. Allstate Insurance Company is incorporated in Delaware. (Doc. 2 at 2).

Plaintiffs have also named Frontier Adjusters of Show Low as Defendants. Frontier Adjusters of Arizona is incorporated in Arizona and provides independent adjusting services to Allstate Defendants (Doc. 1-1, ¶4; Doc. 4, ¶4). Frontier was served only after the Allstate Defendants moved for removal. (Doc. 7-1).

Plaintiffs allege that Allstate failed to adjust the loss properly, based on a negligent evaluation performed by Frontier. (Doc 1-1, ¶8). Plaintiffs further allege that the failure to properly adjust was the result of a systemic claims process redesign enacted by Allstate in the 1990s. (Doc 1-1, ¶¶14-21).  As a result, Plaintiffs seek compensatory damages from Allstate and Frontier (Doc 1-1, ¶A) and additional bad faith and exemplary damages from Allstate, together with reasonable attorney's fees and costs. (Doc 1-1, ¶¶B–D)

## DISCUSSION

### I.    Legal Standard

#### A.    Remand and Fraudulent Joinder

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A case may be properly removed from state court if the district court could have exercised original jurisdiction. 28 U.S.C. §

1441(a) (2006). The Court has subject-matter jurisdiction of cases in which defendants and plaintiffs are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332 (2006). The Supreme Court has interpreted § 1332 to require complete diversity between parties, where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). However, if a plaintiff names a non-diverse Defendant to defeat diversity jurisdiction, but, "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," the district court may determine that the party is fraudulently joined, and exercise jurisdiction. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Ordinarily courts determine federal jurisdiction "solely by an examination of the plaintiff's case, without recourse to the defendant's pleadings," *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). However, when "fraudulent joinder is an issue, [courts] will go somewhat further." *Id*. Courts have found fraudulent joinder where plaintiff's claims are barred procedurally, *Ritchey*, 139 F.3d at 1319, or where there is no cognizable claim stated against the resident defendant under state law, *McCabe*, 811 F.2d at 1339. Importantly, joinder is not fraudulent when "the assertion made by the removing defendant 'went to the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants.'" *Ritchey*, 139 F.3d at 1318 (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153 (1914)).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In considering whether a defendant is fraudulently joined,  "[t]he Court must therefore walk a very fine line: it must consider the merits of a matter without assuming jurisdiction over it." *Davis v. Prentiss Props. Ltd.*, 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999). Courts in the Ninth Circuit have thus concluded "that some room must exist between the standard for dismissal under Rule 12(b)(6), for example, and a finding of fraudulent joinder." *Id.* at 1115. Even a "'glimmer of hope' that plaintiff can establish claim is sufficient to preclude application of fraudulent joinder doctrine." *Ballesteros v. Am. Standard Ins. Co. of Wisc.*, 436 F. Supp. 2d 1070, 1072 (D. Ariz. 2006) (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)).  Where there is a "glimmer of hope," "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

**B.     Dismissal Under Rule 12(b)(6)**

"Analytically, a fraudulent joinder finding compels dismissal of the 'sham defendants.'" *Isaacs v. Broido*, 358 F. App'x 874, 876 (9th Cir. 2009). Dismissal for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistren v. Pacifica Police Department,* 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual

allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." When a complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."*Iqbal*, 129 S.Ct. at 1950 (internal quotation omitted).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Dismissal under Rule 12(b)(6) may occur either by motion or sua sponte. *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). Where a motion to dismiss is granted, a

district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Oliver v. Long*, CV-06-2429-PCT-LOA, 2007 WL 1098527 (D. Ariz. Apr. 12, 2007) (citing *Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir. 2002)). In the past, the Ninth Circuit has instructed District Courts to dismiss fraudulently joined parties, sua sponte. *See, e.g., Isaacs*, 358 F. App'x at 876. When dismissing a claim on its own initiative, "the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion." *Wong*, 642 F.2d at 361-62 (citing *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)). However, "[s]uch a dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

## II.    Analysis

While Frontier is a resident Defendant, Plaintiff has not stated a cognizable cause of action against Frontier. Frontier is, therefore, a sham defendant. Sham defendants must be dismissed from the case, and do not destroy diversity jurisdiction.

### A.    Remand and Fraudulent Joinder

"Absent a cause of action against a resident defendant, where the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe*, 811 F.2d at 1339. "[F]raudulent joinder inquiry focuses on the validity of the legal theory being asserted against the non-diverse defendant." *Davis*, 66

F. Supp. 2d at 1114. "Accordingly, if the facts alleged in the Complaint taken as true and drawing all inferences in Plaintiff's favor, can possibly state a claim under Arizona law against [the defendant] in question, there is no fraudulent joinder…." *Ballesteros*, 436 F. Supp. 2d at 1073.

In *McCabe*, the Ninth Circuit was asked to find that a defendant was fraudulently joined. There, the Court noted that the facts alleged against that defendant were not sufficient to establish the elements required for the claims asserted under California state law. *McCabe*, 811 F.2d at 1339. Therefore, the Ninth Circuit noted, "[o]n the basis of the complaint alone, the district court could rightly conclude that no cause of action had been stated against" defendants" and that they were, therefore fraudulently joined. *Id.*

Plaintiffs style this case as a "breach of contract" and "bad faith" case. (Doc. 1-1 at 3.) In two prior cases in this district, this Court has addressed the question of whether an adjuster may be held liable for breach of the duty of good faith and fair dealing under Arizona law. In both cases the Court found the question to be unsettled. *Allo v. American Family Mut. Ins. Co.*, CV-08-0961-PHX-FJM, 2008 WL 4217675 (D. Ariz. Sept. 12, 2008); *Wapniarski v. Allstate Ins. Co.*, CV-10-0823-PHX-LOA, 2010 WL 2534167 (D. Ariz. June 18, 2010). Because any doubt as to whether the plaintiff has stated a valid cause of action under the laws of the state should be resolved in against a finding of fraudulent joinder, *see Albi*, 140 F.2d at 312, both cases were remanded.

However, despite the styling of the case itself, the legal theory asserted against Frontier sounds neither in breach of contract nor in bad faith. Rather, as clarified by

Plaintiffs' Reply, the claim against Frontier is limited to a claim sounding in negligence, which, in this state, is without merit. (Doc. 12 at 1, 2.)

To establish negligence in Arizona, a plaintiff must show there was a duty on part of defendant towards Plaintiff. *Holliman v. United States*, 22 F. Supp. 2d 1111, 1112 (D. Ariz. 1998) (citing *Ontiveros v. Borak*, 136 Ariz. 500, 667 P.2d 200, 204 (1983)). Plaintiffs have not, however, alleged that Frontier owed them duty. Frontier was hired by Allstate; no privity of contract existed between Plaintiffs and Frontier. Similarly, Plaintiffs make no assertion of an implied contractual duty of good faith and fair dealing owed insureds by third-party adjusters in the state of Arizona.

Negligent claim handling is not a cause of action recognized by the state of Arizona against insurers. *Miel v. State Farm Mut. Auto. Ins. Co.*, 185 Ariz. 104, 111, 912 P.2d 1333, 1340 (App. 1995). Similarly, Arizona has rejected holding independent adjusters liable for negligent claim handling. *Meineke v. GAB Business Services*, 195 Ariz. 564, 568 (App. 1999) ("We see no reason to apply a different rule when the insurer's agent, the adjuster, mishandles a claim."). Where there is no duty, there is no cause of action for negligence, and such a failure is "obvious according to the settled rules of the state." *McCabe*, 811 F.2d at 1339.

In reply, Plaintiffs argue that while Arizona has not adopted liability for independent adjusters, a minority of jurisdictions have. *See, e.g.*, *Morvay v. Hanover Ins. Cos.*, 127 N.H. 723, 506 A.2s 333, 335 (1986) (holding that independent investigator owes a duty to insured to conduct a fair and reasonable investigation); *Brown v. State*

*Farm Fire & Cas. Co.*, 2002 OK CIV APP 107, 58 P.3d 217, 223 (holding that independent adjuster owes a duty to insured to conduct fair and a reasonable investigation).

As in the presenting case, in *Meineke*, Plaintiffs sued a third party insurance adjuster hired by Plaintiffs' insurer to investigate a fire loss. There, the Arizona Court of Appeals declined to find liability for the third party adjuster on grounds that "the relationship between adjuster and insured is sufficiently attenuated by the insurer's control over the adjuster to be an important factor that militates against imposing a further duty on the adjuster to the insured." *Meineke* 185 Ariz. at 270.

For the purposes of determining whether Frontier was properly joined, it would be enough to find that Plaintiffs have "a glimmer of hope" that a state court may so find. *Ballesteros*, 436 F. Supp. 2d at 1072. Here, however, Plaintiffs bring a suit against a third party insurance adjuster hired to investigate a property loss. Given the similarity to *Meineke*, which is directly on point, Plaintiffs do not have even a "glimmer of hope" that an Arizona court will find Frontier liable. Sham defendants do not defeat diversity jurisdiction. *Ritchey*, 139 F.3d at 1318. Because the amount at controversy is not in dispute, and because the parties are diverse, this court has subject-matter jurisdiction.

**B.    Dismissal Under Rule 12(b)(6)**

Because Frontier was fraudulently joined, Frontier must be dismissed from the case. "Analytically, a fraudulent joinder finding compels dismissal of the 'sham defendants.'" *Isaacs v. Broido*, 358 F. App'x 874, 876 (9th Cir. 2009). To survive

dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiffs do not assert any factual allegations against Frontier sufficient to raise a right to relief. Beyond the mere allegation that Frontier performed a "negligent evaluation . . . which completely misrepresented the scope of and severity of the damage to the residence" and did not "perform a complete investigation of this loss," (Doc. 12 at 1, 2), However, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Plaintiffs have not included any factual allegations indicating a duty on the part of Frontier that would give rise to a negligence claim. Therefore, as indicated above, under a theory of negligence, there is no a cognizable claim in Arizona law under which Plaintiffs may proceed against Frontier.

Additionally, as indicated above, Plaintiffs have not alleged facts adequate to support a claim against Frontier in "breach of contract" or "bad faith." Nor have Plaintiffs indicated any other factual basis under which they may have a "right to relief." Because Frontier was fraudulently joined, and because Plaintiffs have not presented a cognizable claim against Frontier, dismissal of Defendant Frontier under Rule 12(b)(6) is appropriate.

- 10 -

**CONCLUSION**

Despite the strong presumption against removal, where there is not a "glimmer of hope" that Arizona will recognize a cause of action against Frontier, this court must conclude that Frontier is a sham defendant, fraudulently joined. *Ballesteros*, 436 F. Supp. 2d at 1072. Diversity jurisdiction therefore exists and this Court will not remand the case for lack of diversity. Fraudulently joined parties can and will be dismissed by this Court, sua sponte. *Wong*, 642 F.2d at 361; *Isaacs v. Broido*, 358 F. App'x at 876.

**IT IS THEREFORE ORDERED:**

1.      Plaintiffs' Motion to Remand (Doc. 7) is **DENIED.**

2.      Plaintiffs' request for Costs and Fees is **DENIED.**

3.      Plaintiffs' claims against Frontier are **DISMISSED** with leave to amend, **within 30 days** of the date of this Order, to state a cognizable claim.  If Plaintiff fails to amend, the Clerk of Court is directed to terminate Defendant Frontier Adjusters of Show Low, without further leave of the Court.

4.      The Motion for Leave to File Sur-Reply (Doc. 13) is denied.

Dated this 1st day of June, 2012.

G. Murray Snow
United States District Judge